GLENN v. LINE.

WATERS AND WATERCOURSES — DRAINS — EASEMENTS — PRESCRIP-
TION.

Where, on a bill to enjoin the obstruction of an open drain, it
appeared that defendants and their grantor had for more than
50 years recognized complainant's right therein; that at the
time of filing the bill defendants were engaged in putting in
a 4-inch tile drain to take the place of the open one; and that
complainant's acts in temporarily impeding the flow of the
water was not an abuse of his rights. *Held*, that a decree
making the injunction permanent unless defendants should
put in a 5-inch tile was justified.[1]

Appeal from Livingston; Miner, J. Submitted Jan-
uary 18, 1909. (Docket No. 89.) Decided March 3, 1909.

Bill by Rupert M. Glenn against William Line and
Clyde Line to enjoin the obstruction of a drain. From
a decree for complainant, defendants appeal. Affirmed.

*Shields & Shields*, for complainant.

*Richard D. Roche* and *Louis E. Howlett*, for defend-
ants.

Complainant and defendants own adjoining farms in
the township of Marion, Livingston county, Mich. Com-
plainant's land lies south of the land owned by defend-
ants, and upon it is a huckleberry swamp which comes
up to or very near the partition line between the farms.
The complainant purchased his farm 25 years ago, and
the defendants 5 years ago. About the year 1852 a ditch
was cut through the swamp and northerly through the
defendants' farm to lowlands beyond for the purpose of
draining said swamp. This ditch ran through two ridges

---

[1] For prescriptive rights as to flow of surface water, see note to
*Gray* v. *McWilliams* (Cal.), 21 L. R. A. 607.

on defendants' land, and was at those points some 8 or 10
feet deep.  Where it went through the ridges, a box drain
made of six-inch boards, nailed together, was put in.  In
1875 the box drain was dug out of the northerly knoll,
since which time that portion of the ditch has remained
open.  The ditch is not a natural watercourse, but is the
only means of draining the complainant's huckleberry
swamp.  The record shows that it was constructed up-
wards of 50 years ago with the consent of the defendants'
grantor.  Indeed, defendants in their answer say:

"They admit that the said drain was constructed many
years prior to the time these defendants purchased their
lands described in said bill of complaint; and, as they are
informed and believe, it was constructed by the joint
operation of the owners of the respective lands heretofore
described, and that both of said owners contributed to the
cost of the construction of the same."

The ditch has served its purpose to the present time,
work having been done upon it from time to time, both
by the complainant during the past 25 years and by the
defendants and their grantors.  In the spring of 1907 de-
fendants cleaned out the ditch so far as it lay upon their
own premises, and laid upon the banks thereof four-inch
tiling, with the intention of putting in the tile and cover-
ing up the drain.  Thereupon the complainant filed his
bill of complaint, obtained an injunction, and, upon the
hearing in the court below, the injunction was made per-
manent, unless the defendants put in a five-inch tile
drain.  From this decree the defendants appeal.

BROOKE, J. (*after stating the facts*).  It is the claim
of the defendants that the complainant has not acquired
a right by prescription to flow the water from the swamp
across defendants' lands; and, secondly, that, even if the
complainant has acquired such prescriptive right, it has
been forfeited by improper use thereof on the part of the
complainant.  The record clearly discloses the fact that,
not only have the defendants' grantors acquiesced in the

155 MICH.— 39.

complainant's rights in the ditch for nearly 50 years, but that the defendants themselves during the time of their occupancy of the servient estate have definitely recognized this right. They have themselves, on at least one occasion, cleaned out a portion of said ditch, and have permitted the complainant on other occasions to do likewise. Indeed, the very work they were engaged in at the time the injunction was issued (that of putting in a four-inch tile drain through the southerly knoll and down to complainant's land) was an unmistakable recognition of the complainant's rights and their own duty in the premises; the only contention between the parties at that time being as to the size of the tile. That an easement may be acquired by prescription to flowage of surface water collecting upon the land of one person over the lands of an adjacent proprietor is the settled law of this State. *Gregory* v. *Bush*, 64 Mich. 37; *Boyd* v. *Conklin*, 54 Mich. 583.

It is not apparent from the record that the complainant has abused his right. It is true that for the purpose of removing his crop from an adjoining field he has from time to time thrown rails, straw, and other loose material into the ditch at a point just south of the line between the two farms. These obstructions, after harvest, were removed, and when in place, apparently only impeded, but did not wholly obstruct, the flow. The complainant claimed, and the circuit judge held, upon evidence which we think satisfactory, that a four-inch tile would be of inadequate capacity.

Under the facts disclosed by the record, the complainant is entitled to the relief prayed.

Decree affirmed.

GRANT, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.